RECEIVED JAN 15 2019 BY MAIL

FILED JAN 15 2019 U.S. DISTRICT COURT EASTERN DISTRICT OF MO ST. LOUIS

Donnie Cook, (Plaintiff)

V.

Danny Adams, Bingham (Defendant)

Case No. **4:19CV00063 JMB**

### Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. The court has Jurisdiction under 28 U.S.C section 1331 and 1343 (a) (3).

### Plaintiff

2. Plaintiff Donnie Cook, is and was at all times mentioned herein a prisoner of the State of Missouri, located at the: Eastern Reception Diagnostic correctional center (ERDCC) 2727 Hwy K Bonne Terre, MO. 63628

### Defendants

3. Danny Adams is a Disciplinary hearing officer employed at the aforementioned location, and is being sued in his individual and offical capacity.

4. Bingham is acting Assistant Warden at all times relevant employed at the aforementioned location and is being sued in his individual and offical capacity.

### Facts

5. Plaintiff Cook, along with his cellmate Jerald Martin, were both issued a major conduct violation for dangerous contraband after

homemade knife was found wrapped around the railing of his cellmates bunk, while doing a cell search.

6. Plaintiff and his cellmate was immediately placed under Temporary Administrative Segpegation Confinement (T.A.S.C) and investigation until disposition of the conduct violation (C.D.V)

7. Plaintiff and his cellmate notified the reporting officer who issued the C.D.V, the disciplinary hearing officer, and the investigator that, "while they was both at their work assignments away from the cell, the housing unit modular officer had in fact accessed their door and allowed another prisoner, whose not assigned to that cell, enter and then the knife was then planted."

8. Plaintiff requested to defendant Danny Adams, that video camera footage be reviewed as evidence which would have offered proof as stated in paragraph 7.

9. Defendant Adams, upon hearing the C.D.V. denied plaintiffs request that, video camera footage be reviewed, and found him guilty of possessing dangerous contraband in which he was given 30 days disciplinary segregation, assigned to Administrative Segregation, Refered for prosecution, one(1) yr. no-contact visits, one (1) yr. premium pay restriction.

10. Defendant Bingham, approved the denial of reviewing the

camera footage and subsequently approved all sanctions as set-forth in paragraph 9.

11. Although plaintiff and his cellmate was issued the exact same C.D.V as well as the weapon being found hidden around his cellmates bed railing, his cellmates C.D.V was subsequently dismissed and expunged and he was released from AD-seg and assigned back to honor status from which we both resided.

12. The negative entry of said C.D.V not only maintains plaintiff under atypical and significant conditions of 24hr lock-in periods, no work or rehabilitation programs, in definite Ad-seg assignment, no meaningful reviews for which he can be released from Ad-seg; he is unable to attend recreational periods during inclement weather due to winter coats not being consistantly available, not being provided access to adequate winter clothing e.g: skullcaps, gloves, no thermal underwear or shoes and only allowed flipflops; one (1) hr. 3 times per week within a small outdoor cage approx. 8Ft. by 4Ft. shared with another prisoner in which one can do little more then stand still. Being unable to attend recreation has caused plaintiffs muscles to atrophy and worstened his chronic knee problem. Due to the sensory deprivation in segregation, plaintiff is experiencing psychological problems of hallucinating, sleep deprivation, anxiety attacks, and extreme weight loss.

### Legal Claims

13. Plaintiff reallege and incorporate by reference paragraphs 1-12

14. Defendant Adams and Bingham, denied plaintiff's due process when they rendered a finding of guilty before accessing plaintiff's requested evidence for them to review the video camera footage.

15. Defendant Adams and Bingham violated plaintiff's Equal protection right by dismissing and expunging his cellmates C.D.V even though both C.D.V's arised from the same set of occurances in which there was no rational basis for the difference in treatment.

16. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described unless this court grants the declaratory and injunctive relief which plaintiff seeks.

### Prayer for Relief

Wherefore, plaintiff respectfully pray that this court enter judgement.

17. Granting plaintiff Cook, a declaration that the acts and omissions described herein violates his rights under the constitution and laws of the United States, and

18. A preliminary and permanent injunction ordering the defendants to dismiss and expunge the C.D.V from his record due to the deprivation of the Due process violation.

19. Grant Plaintiff compensatory damages in the amount of $100.00 a day against each defendant jointly and severally.

20. Plaintiff seeks punitive damages in the amount of $100.00 a day against each defendant jointly and severally.

21. Plaintiff also seeks a jury trial on all issues triable by jury.

22. Plaintiff seeks recovery of his costs in this suit, and

23. Any additional relief this court deem just, proper, and **equitable**.

### Certificate of Service

I hereby certify that a true and correct copy was mailed Pre-Paid postage this 14th Day of January 2019 to: U.S. District Court Eastern District of Missouri 111 South 10th Street St. Louis, Missouri 63102

Donnie Cook
*Donnie Cook*
Reg no. 1171192
ERDCC 2727 Hwy K
Bonne Terre, MO 63628